IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARMELLA L. ARTIS, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 08-3780 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

**MEMORANDUM**

LOWELL A. REED, Jr., Sr. J                                                                                      May 20, 2009

   Upon consideration of the brief in support of request for review filed by plaintiff (Doc. No. 8) and defendant's response (Doc. No. 9), the court makes the following findings and conclusions:

   1. On January 20, 2006, Carmella L. Artis ("Artis") filed for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI, respectively, of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f, alleging an onset date of April 1, 2005.  (Tr. 62-66).  Throughout the administrative process, including an administrative hearing held on November 8, 2006, before an ALJ, Artis' claims were denied. (Tr. 5-9; 11-19; 22-26; 400-446).  Pursuant to 42 U.S.C. § 405(g), Artis filed her complaint in this court on September 9, 2008.

   2. In his January 11, 2007 decision, the ALJ concluded, *inter alia*, that: (1) Artis had severe impairments consisting of a mood disorder, a learning disorder, a history of drug and alcohol use, and hepatitis C; (2) her impairments did not meet or equal a listing; (3) she had the RFC to perform medium level work that is simple and unskilled; (4) she could perform her past relevant work as a fast food worker; and (5) she was not disabled. (Tr. 14 ¶ 4; 16 Findings 3 and 4; 17 Finding 5; 19 Findings 6 and 7; 19 ¶ 4).[1]

   3. The Court has plenary review of legal issues, but reviews the ALJ's factual findings to determine whether they are supported by substantial evidence.  Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979).  It is more than a mere scintilla but may be less than a preponderance.  See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).   If the conclusion of the ALJ is supported by substantial evidence, this court may not set aside the Commissioner's decision even if it would have decided the factual inquiry differently.  Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir.

---

[1] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

1999); see 42 U.S.C. § 405(g).

    4. Artis raises two arguments in which she alleges that the determinations by the ALJ were legally insufficient or not supported by substantial evidence. These arguments are addressed below. However, upon due consideration of all of the arguments and evidence, I find that the ALJ's decision is legally sufficient and supported by substantial evidence.

    A. First, Artis claims that the ALJ erred by failing to include her post traumatic stress disorder ("PTSD") in her RFC. As noted by the defendant, when devising an RFC, it is not the impairment which is paramount but the limitations resulting therefrom. Petition of Sullivan, 904 F2d 826, 845 (3d Cir. 1990). The mere diagnosis of an impairment is not sufficient to show disability. Id. Instead, the plaintiff must establish the functional limitations associated with the impairment. Artis fails in her brief to explain what additional limitations her PTSD should have contributed to her RFC. Moreover, the medical records Artis cites to in which she is diagnosed with PTSD do not shed any light on this issue. See (Tr. 205-08; 244; 245-47; 248, 251; 294; 298-308). As a result of her mental impairment, the ALJ concluded that Artis had slight restrictions in activities of daily living, and moderate difficulties in social functioning and her ability to maintain concentration, persistence or pace. (Tr. 16 ¶ 5). I conclude that the record does not readily reveal further limitations associated with her PTSD which should have been included in her RFC assessment. Finally, Artis was typically assessed GAF scores between 55 and 65, see (Tr. 19 ¶ 1; 135; 244; 246; 248; 251), and the VE testified that even assuming the limitations set forth by Dr. John Tardibuono (including the diagnosis of PTSD), Artis was capable of performing her past relevant work. (Tr. 205-211; 437-39). As a result, I find that Artis has failed to show that the ALJ's RFC assessment was not supported by substantial evidence.

    B. Second, Artis argues that the ALJ erred by discounting the credibility of her testimony. "Credibility determinations are the province of the ALJ and only should be disturbed on review if not supported by substantial evidence." Pysher v. Apfel, No. 00-1309, 2001 WL 793305, at *3 (E.D. Pa. July 11, 2001) (citing Van Horn v. Schweiker, 717 F.2d 871, 973 (3d Cir. 1983)). Moreover, such determinations are entitled to deference. S.H. v. State-Operated Sch. Dist. of the City of Newark, 336 F.3d 260, 271 (3d Cir. 2003). The ALJ adequately discussed his decision to discount the credibility of Artis' testimony and based his conclusion upon, *inter alia*, her improvement after her completion of a drug and alcohol program, high GAF scores and good examination reports, and that her depression was controlled with medication. (Tr. 17 ¶ 3 - 18 ¶ 2). After reviewing the record, I conclude that the ALJ's credibility determination was supported by substantial evidence.

    5. After carefully reviewing all of the arguments and evidence, I find that the ALJ's conclusion that Artis was not disabled was legally sufficient and supported by substantial evidence. As a result, Artis' request for relief must be denied and the decision must be affirmed.

    An appropriate Order follows.